United States District Court
Southern District of Texas
**ENTERED**
July 01, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| GRACIELA RODRIGUEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-145 |
| | § | |
| U.S. BANK, N.A., as Trustee for | § | |
| the Registered Holders of Structured | § | |
| Asset Securities Corporation Mortgage | § | |
| Pass-Through Certificates Series | § | |
| 2007-TCI, | § | |
| Defendant. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of the Notice of Removal filed by Defendant U.S. Bank, N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2007-TCI (hereinafter, "U.S. Bank"). Dkt. No. 1. U.S. Bank asserts that "[v]enue for this Removal is proper in the U.S. District Court for the Southern District of Texas, Brownsville Division because this district and division includes Hidalgo County, Texas—the location of the pending State Court Action." *Id*. at 3.

U.S. Bank's allegations regarding venue are misplaced. Plaintiff Graciela Rodriguez filed her Original Petition in the 332nd District Court of Hidalgo County, in Edinburg, Texas. *See* Dtk. No. 1-1 at 1-2. "Hidalgo County is located in the Southern District of Texas, McAllen Division. 28 U.S.C. § 124(b)(7)." *Valdez v.*

*Subzero Constructors, Inc.*, No. 3:14-CV-4306-L, 2015 WL 1757514, at \*4 (N.D. Tex. Apr. 17, 2015).  Unless Congress expressly dictates otherwise, a civil action pending in state court "can only be removed by a defendant 'to the district court of the United States for the district and division embracing the place where such action is pending.'  28 U.S.C. § 1441(a)."  *Id.*  U.S Bank has not demonstrated that venue is appropriate in this Division pursuant to any explicit act of Congress.

Accordingly, U.S. Bank's removal to this Division was improper.  *See Kreimerman v. Casa Veerkamp, S.A. de C. V.*, 22 F.3d 634, 644 (5th Cir. 1994) (citing 28 U.S.C. § 1446(a) and ordering district court to cure improper removal by transferring case to correct division pursuant to 28 U.S.C. § 1406(a)); *Sanchez v. Oil Mop, LLC*, No. 4:11-CV-3037, 2011 WL 5358700, at \*1-2 (S.D. Tex. Nov. 7, 2011) (same); *Woodforest Bank FSB v. Open Sols., Inc.*, No. CIV.A. C-08-39, 2008 WL 314359, at \*1 (S.D. Tex. Feb. 1, 2008) (same).  It is recommended that the Court transfer this civil action to the McAllen Division of the Southern District of Texas pursuant to 28 U.S.C. § 1406(a).

## Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

 Signed on this 1st day of July, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge